**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CHAITRI HAPUGALLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARK RADDATZ, *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 14-cv-1696 (TSC) |

**MEMORANDUM OPINION**

Defendants, who removed this action from D.C. Superior Court on October 15, 2014, have moved to dismiss on two grounds: that no Defendant was properly served, and that the entire matter is precluded as *res judicata*. Plaintiff has effectively conceded that service was insufficient and appears to have made no attempt to correct the defects. Accordingly, the Court dismisses the case without prejudice and does not reach the independent question of whether the case is barred under the doctrines of claim preclusion and issue preclusion.

**I.   BACKGROUND**

Plaintiff initially filed a complaint in the Superior Court for the District of Columbia against Mark Raddatz, Debra Lehan, Keener Management and Chastleton Cooperative Association, Incorporated. (ECF No. 1-1 at 9)[1]. Plaintiff lived in the Chastleton co-op building and her lawsuit centers around her eviction, which was the subject of two consolidated actions

---

[1] References to page numbers are all to the pagination in the header created by ECF.

before the Landlord-Tenant Branch of the D.C. Superior Court.  In her amended complaint[2] she asserts that Defendants violated federal housing, discrimination and debt collection laws, as well as various state and local laws.  (ECF No. 4-1 at 16, 32-43).

On September 29, 2014 the Defendants filed a motion in Superior Court seeking to dismiss Plaintiff's complaint as barred by principles of *res judicata* and for failure to properly effectuate service of process.  (ECF No. 4-1 at 64).  In response, Plaintiff filed an amended complaint, and filled out new summonses purportedly directed at the appropriate defendants and addressed to their registered agents.  (ECF No. 4-1 at 15).  On that same day, she filed a brief in which she argued that dismissal was not appropriate because any deficiencies in service of process "should" have been "cure[d]" by her "provision" of the new addresses.  (ECF No. 4-1 at 58).  Plaintiff also indicated in her brief that a "Second Amended Complaint" was being prepared and a motion was forthcoming "soon," in which leave would be sought to file said complaint. (ECF No. 4-1 at 58).[3]

Defendants removed the action to this court prior to a ruling by the Superior Court on their motion to dismiss.  On November 17, 2014, Defendants refiled their motion to dismiss in this court.  (ECF No. 8).  Plaintiff, now represented by counsel, responded by raising arguments virtually identical to those raised by Plaintiff when proceeding *pro se* in Superior Court, including the argument that Plaintiff's filing of the amended complaint, despite the absence of proof of service, cured any deficiencies.  (Pl. Opp'n at 2).  Plaintiff characterized her brief as a "protective filing" because she had previously filed her response in D.C. Superior Court and that

---

[2] Defendants' notice of removal attached only the original complaint.  (ECF No. 1-1 at 9).  The record from the D.C. Superior Court (ECF 4-1 at 15) indicates that on October 9, 2014 – *i.e.* prior to removal – Plaintiff filed an amended complaint.

[3] No such document, or motion for leave to file such a document, was filed in the Superior Court prior to removal, or in this court after removal.

response was "presumably" transmitted to this Court "upon removal of the case." (Pl. Opp'n at 3).

## II. LEGAL STANDARD

When the sufficiency of service is challenged, the plaintiff bears the burden of establishing that service was validly perfected. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). "If the plaintiff fails to meet this burden, the court may dismiss the complaint for ineffective service of process." *Wilson v. U.S. Park Police*, 300 F.R.D. 606, 608 (D.D.C. 2014).

The adequacy of service prior to removal is governed by the law of the original forum, in this instance the District of Columbia. *UMC Dev., LLC v. District of Columbia*, 982 F. Supp. 2d 13, 17 (D.D.C. 2013); 14C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Procedure* § 3738 (4th ed.). D.C. Superior Court Civil Rule 4 addresses the manner of service, and Rule 4(c)(3) permits service of a person or corporation by "mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested." Service on an individual may be accomplished by

> delivering a copy of the summons, complaint and initial order to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons, complaint and initial order to an agent authorized by appointment or by law to receive service of process.

Super. Ct. Civ. R. 4(e)(2); *Anderson v. Gates*, 20 F. Supp. 3d 114, 122-23 (D.D.C. 2013) (Plaintiff failed to demonstrate adequate service under D.C. law where plaintiff did not submit "any proof that defendants signed for or otherwise received the mailings or that any recipients of the mailings were authorized to accept service on behalf of defendants in their individual capacities"). The affidavit of service must set forth specific facts demonstrating that the signatory of the return receipt is a person who is qualified to accept service on the particular

defendant.  Super. Ct. Civ. R. 4(*l*)(2); *Fletcher v. Reilly*, No. 07-331, 2007 WL 2111030, at *1 (D.D.C. July 23, 2007).

> Similarly, a corporation or association may be served
>
> by delivering a copy of the summons, complaint and initial order to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant[.]

Super. Ct. R. Civ. P. 4(h)(1).  Again, if service is accomplished by mail, an affidavit of service must set forth specific facts demonstrating that the signatory is qualified to accept service on behalf of the corporation.  Super. Ct. Civ. R. 4(*l*)(2).

## III.   ANALYSIS

### A.  Individual Defendants

Plaintiff mailed a summons made out to "Keener Management" by certified mail, return receipt requested, to "Attorney Mark Raddatz and Debbie Lehan."  The mailing was to Raddatz's business address.  (Def. Exs. 1, 2, 3)  Similarly, Plaintiff attempted to serve Lehan by mail to the Chastleton, which is where Lehan works, not where she resides.  (Def. Exs. 4, 5, 6).  Service by mail to an individual defendant's workplace is not service to a dwelling or abode or an authorized agent.  *See, e.g.*, *Williams v. Court Servs. & Offender Supervision Agency for D.C.*, 840 F. Supp. 2d 192, 199 n.3 (D.D.C. 2012); *Toms v. Hantman*, 530 F. Supp. 2d 188, 191 (D.D.C. 2008); *Wilson-Greene v. Dep't of Youth Rehab. Servs.*, No. 06-cv-2262, 2007 WL 2007557, at *2 (D.D.C. July 9, 2007).  The individuals who signed for each piece of mail are not alleged in any way to be agents of Raddatz or Lehan or persons who share their residence, further rendering service defective.  *Wilson-Greene*, 2007 WL 2007557, at *2; *see also Brodie v. Worthington*, No. 09-cv-1828, 2010 WL 3892273, at *2 (D.D.C. Sept. 27, 2010) (discussing circumstances under which receipt can be signed by someone other than individual defendant).

Finally, even if all other aspects of service on Raddatz were proper, Plaintiff's failure to provide him with a summons directed to him is an additional defect. In light of the foregoing, the court finds that Plaintiff did not properly effectuate service on either individual defendant.

### B. Corporate Defendants

Service was mailed by certified mail to the Association's office and signed for by Phillip Gadson, who Defendants allege is a "third-party" security guard. (Def. Mem. 8). Plaintiff's affidavit of service states that Gadson is the "head security guard who receives and signs for mail at the Chaslteton building." (ECF No. 4-2 at 4). While Gadson may be a person whom the building's residents have authorized to sign for packages and mail, Plaintiff has presented no evidence that the *Association* has authorized him as an agent to accept service of process on the *Assocation's* behalf.

Plaintiff served Keener Management by mail, which was signed for by Ian McArchie, a property manager for Keener. (Def. Ex. 10; Pl. Aff. of Service, ECF No. 4-2 at 10). Once again, Plaintiff has made no showing that McArchie is an individual authorized in some way to accept service on Keener's behalf. (*Id.*). Moreover, as with Raddatz, Plaintiff never served Keener with a copy of a summons directed *to* Keener. (Def. Ex. 10). Since Plaintiff has not met her burden in establishing the adequacy of service on Chastleton or Keener, service was improper. *Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 88-89 (D.D.C. 2004).

### C. Whether Plaintiff can cure defective service

In deference to a *pro se* plaintiff's status, courts often decline to dismiss a case for defective service, and instead provide the plaintiff an opportunity to perfect service, with an admonition that failure to do so will result in dismissal. *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993); *Hilska v. Jones*, 217 F.R.D. 16, 22 (D.D.C. 2003). The D.C. Circuit has noted the particular importance of providing the *pro se* plaintiff with sufficient notice of the

5

consequences of failing to perfect service. *Moore*, 994 F.2d at 876; *Lindsey v. United States*, 448 F. Supp. 2d 37, 47 (D.D.C. 2006) (noting that even though plaintiff failed to perfect service after learning it was defective by virtue of 12(b)(5) motion, court would refrain from dismissing where it had not previously instructed the plaintiff of the need to do so).

That solicitude is not warranted here. Plaintiff was alerted to defects in service by virtue of Defendants' motion to dismiss, which was first filed in Superior Court on September 29, 2014. (Superior Court Records, ECF No. 4-1 at 64). Plaintiff purported to respond to the defective service by filing an amended complaint which "provide[d] alias addresses and registered agents for the Defendant entities." (*Id.* at 58). While Plaintiff's amended complaint did indeed list what appears to be valid addresses for service (*id.* at 15), there is no evidence that Plaintiff in fact perfected service at those addresses. The subsequent removal of this case to this Court might have confused Plaintiff and suggested that nothing further was required. Absent additional factors, the Court would agree that dismissal would be improper, since it has not instructed Plaintiff of the importance and necessity of proper service. *Lindsey*, 448 F. Supp. 2d at 47. However, Plaintiff later retained counsel (Notice of Appearance, ECF No. 11), and counsel opposed Defendants' motion to dismiss for inadequate service by resting solely on the filing, but without proof of service, of the Amended Complaint. Since then Plaintiff, with the assistance of counsel, has had more than four months to perfect service, but has not done so. Accordingly, the Court finds that dismissal is proper.

IV. **CONCLUSION**

Because Plaintiff failed to properly effectuate service on any Defendant, and because neither Plaintiff nor her counsel have put into the record any evidence that they have attempted to cure the deficiency, the Court dismisses this case without prejudice.

A corresponding order will issue separately.

Dated: April 15, 2015