**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHAITRI HAPUGALLE | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 14-cv-1696 (TSC) |
| | ) |
| MARK RADDATZ, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

Defendants removed this action from D.C. Superior Court on October 9, 2014, asserting

diversity jurisdiction.  (ECF No. 1).  On April 15, 2015, the court granted Defendants' motion to

dismiss (ECF No. 8) for failure to effectuate service and dismissed the amended complaint

without prejudice.  (ECF No. 14) (the "April 15 Order").  The April 15 Order and accompanying

Opinion (ECF No. 13) noted that Plaintiff, who was represented by counsel in this matter from

December 21, 2014 through April 15, 2015 (ECF Nos. 11, 15),[1] failed to provide any evidence

that she had served any of the Defendants in conformance with D.C. Superior Court Civil Rule 4.

In the April 15 Opinion the court did not address Defendants' alternative argument (ECF No. 8

at 11-13) that the case should be dismissed as barred by *res judicata*.  Plaintiff has moved for

reconsideration.  For the following reasons, the court vacates the April 15 Order and concludes

that Plaintiff's complaint must be REMANDED to D.C. Superior Court.

---

[1] Counsel for Plaintiff withdrew after the Court entered the April 15 Order.  (ECF No. 15).

## I.  PROCEEDINGS SINCE APRIL 15

Plaintiff submitted two handwritten documents to the court, both dated April 17, 2015, both of which she claims to have served on each Defendant.  One is a motion for reconsideration (ECF No. 16) and another is an amended motion for reconsideration (ECF No. 17).  In them, Plaintiff asks the court to reconsider and vacate the April 15 Order because she has "successfully served the registered agents" for both corporate defendants and, because the individual defendants are employees and/or agents of those corporate defendants, she has therefore also effectuated service on them by serving their employers/principals.  As proof of service, Plaintiff attached an undated U.S. Postal Service delivery receipt (ECF No. 16 at 5-6, ECF No. 17 at 5-6), signed by Petra Robinson, registered agent for defendants Chastleton and Keener Property Management.  (ECF No. 8-1 at 14, 21).

Plaintiff's belief that she has demonstrated proper service on the Defendants is incorrect.  First, the return receipt is undated, and Plaintiff has not provided the court with evidence of *what* was mailed with that receipt – only that *at some point* she mailed *something*[2] to Petra Robinson.  Even assuming she has properly served the corporate defendants, her service on the individual defendants remains deficient.  As explained in the court's April 15 Opinion, service on individuals cannot be accomplished by serving the individual's employer or principal.  Under D.C. law, which governs in this removal action, service on an individual may be accomplished by mailing or

> delivering a copy of the summons, complaint and initial order to the individual
> personally or by leaving copies thereof at the individual's *dwelling house or*

---

[2] That something may not in fact be any document related to this litigation.  Several days after Plaintiff filed her motion and amended motion for reconsideration, she filed a second affidavit of service, which includes the same U.S.P.S. delivery receipt.  (ECF No. 20 at 2-3).  In that affidavit, she states that she mailed the summons and complaint *in a different case* (No. 14-cv-827), to the registered agent for the two corporate defendants.  Serving defendants with the documents necessary to start a different lawsuit obviously could not suffice to commence this lawsuit.

> *usual place of abode* with some person of suitable age and discretion then
> residing therein or by delivering a copy of the summons, complaint and initial
> order to an agent authorized by appointment or by law to receive service of
> process.

Super. Ct. Civ. R. 4(c)(3), (e)(2) (emphasis added).

Because Plaintiff is once again *pro se* and appears to have made some effort to effectuate service, the court agrees the circumstances have sufficiently changed such that reconsideration is proper. (ECF No. 13 at 5-6 (noting the importance of providing *pro se* parties with reasonable opportunity to correct defects in service)). But the issue of inadequate service is only one of the factors that the court must address.

Subsequent events in this case demonstrate that it must be remanded to D.C. Superior Court. On April 22, 2015 Plaintiff submitted a motion seeking "time to amend [the] motion for reconsideration." (ECF No. 19). She referred to "new evidence" from financial institutions which would demonstrate a "fraud on the court." (*Id.*). Despite a court order not to make further filings without leave (Minute Order, May 5, 2015; *see also* Minute Order May 22, 2015), Plaintiff made additional unsolicited filings. On May 19, 2015 Plaintiff filed a motion to "seal medical evidence," evidence which Plaintiff intended to submit in connection with a then-forthcoming amended motion for reconsideration and amended complaint.[3] (ECF No. 21). Plaintiff also filed a second motion for an extension of time to amend her motion for reconsideration and amend her complaint. (ECF No. 22).

The court held a status conference on June 4, 2015 to discuss these serial filings and Plaintiff's motion for reconsideration. The court noted, as explained above, that Plaintiff has not yet perfected service on the Defendants. Assuming *arguendo* that service had been proper (or

---

[3] There is currently no medical evidence in the record.

could be cured), the court then heard argument on Defendant's alterative *res judicata* defense.

Plaintiff sought leave to file a second amended complaint ("SAC") to add both claims and

parties.  Plaintiff argued the proposed SAC would clarify that the claims she seeks to bring are

not precluded by the judgment of the Superior Court.  The court permitted Plaintiff to file a

motion for leave to file an SAC, instructing her that any such motion must attach two exhibits: a

copy of the proposed SAC, and a copy of the proposed SAC showing, in redline or highlighting,

the proposed changes between the amended complaint and the proposed SAC.  (Minute Order,

June 4, 2015).  Plaintiff's motion (ECF No. 24), attached only the former.[4]  Defendants opposed

the motion and Plaintiff, in lieu of a response, filed a motion for an extension of time to file her

response or to stay this case while Plaintiff continues her investigation into what she believes

was the fraud perpetrated on the Superior Court by Defendants and their agents.  (ECF No. 26).

The proposed SAC attempts to bring ten claims (though some of the enumerated counts

of the proposed SAC appear to encompass more than one claim): 1) violation of Federal and

D.C. Fair Debt Collection laws; 2) violation of Federal and D.C. fair housing laws; 3) breach of

contract; 4) violation of Delaware corporate law; 5) violation of D.C. licensing laws; 6)

conversion, trespass to property, and interference with contractual relations; 7) defamation; 8)

intentional and/or negligent infliction of emotional distress; 9) fraud and 10) civil conspiracy.

(ECF No. 24-1 at 34-46).  Plaintiff seeks a court order reinstating her co-op membership and

---

[4] In their Opposition, Defendants claim that no Second Amended Complaint was attached to the motion.  (Opp'n at 2 n.2).  The court is puzzled and concerned by this assertion, since the motion entered on the court's docket has a proposed SAC attached, and Plaintiff was specifically ordered to provide a copy of her motion and exhibits to the motion to counsel for defendants (*See* Minute Order, June 4, 2015; ECF No. 24-1).  If for some reason Plaintiff failed to comply with the court's clear instructions, that failure appears to be relatively harmless, as Defendants had access to the proposed SAC docketed electronically.

The court is similarly puzzled by Defendants' contention that Plaintiff failed to comply with a court order to provide notice of her address.  (Opp'n at 2 n.1).  Although the parties did discuss such a requirement during the hearing, no such order was entered.

awarding damages in excess of $5 million.  (ECF No. 24-1 at 46).  While the nature of Plaintiff's

claims is not always clear, what is clear is that none is cognizable here.

## II.        ROOKER-FELDMAN

The *Rooker-Feldman* doctrine precludes federal district courts from exercising subject-

matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by

state-court judgments rendered before the district court proceedings commenced and inviting

district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus.*

*Corp.*, 544 U.S. 280, 284 (2005); *Coleman ex rel. Bunn v. District of Columbia*, No. 13-cv-1456,

2014 WL 4819092, at *10 (D.D.C. Sept. 30, 2014) ("The essential point is that barred claims are

those complaining of injuries caused by state-court judgments").[5]  The fundamental question in

assessing the applicability of the doctrine is "whether the injury alleged by the federal plaintiff

resulted from the state court judgment or is distinct from that judgment."  *Coleman*, 2014 WL

4819092, at *11.

*Coleman* involved a constitutional challenge to a D.C. law which provided "for the

taking, not of a foreclosed property, but of the entirety of the equity in that property, without

recourse for a taxpayer to recover the amount of that equity less any taxes, penalties, costs, and

interest owed."  *Id.*  Defendant argued that the suit was barred by *Rooker-Feldman* because a

D.C. court had already entered default against the plaintiff in a foreclosure action and the

plaintiff had been evicted.  The district court rejected the application of *Rooker-Feldman* in that

case because it was not "a direct challenge to a state court's factual or legal conclusion."  *Id.* at

*12.  The *Coleman* court noted a recent Ninth Circuit opinion on the *Rooker-Feldman* doctrine

---

[5] For purposes of the *Rooker-Feldman* doctrine, D.C. courts are considered state courts.  *Araya v. Bayly*, 875 F. Supp. 2d 1, 4 (D.D.C. 2012).

emphasizing that the doctrine applies only when plaintiff alleges a "legal error" by the state court. *Id.* at *11 (citing *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013)).

In contrast to *Coleman*, Plaintiff's motion demonstrates that this lawsuit is nothing more than an attempt to void the judgments of the D.C. Superior Court or have the undersigned sit as an appellate court to the D.C. Superior Court. Among other things, Plaintiff states:

- Plaintiff will notify the D.C. Court of Appeals and Superior Court of the newly discovered evidence "in the event the Federal court is not able to nullify the judgments." (ECF No. 24 at 2).
- "Res Judicata is not an issue due to fraud on the court." (*Id.*).
- "If the federal court after hearing the facts still believe [sic] that the case have to be [sic] litigated in the *lower court*…" (*Id.* (emphasis added)).
- "The landlord court's failure to dismiss [Defendant's] complaints was plain error." (*Id.* at 4).
- "The [n]ew evidence provides undisputed claim that the defendants caused fraud on the court based on fraudulent testimony and financials for Apt 611 which can nullify the judgment." (*Id.* at 5).
- "These new findings that support fraud on the court can nullify the previous judgments for all related cases." (*Id.*)
- The testimony of a proposed additional defendant "was given too much weight despite the lack of credibility." (*Id.* at 6).
- "The federal court rules allow courts to void the previous judgments based on proven fraud also contradictory and fraudulent testimony in different cases mentioned above." (*Id.* at 7).
- "The Federal court also has the jurisdiction to nullify the judgments." (*Id.* at 8).

Plaintiff's intent is rendered all the more clear by her consistent citation to Federal Rule of Civil Procedure 60, which she correctly notes provides for relief from a judgment obtained through fraud. (*Id.* at 2; ECF No. 24-1 at 36). However, the court's remedial authority does not extend to providing relief from the orders of the D.C. Superior Court. *See Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983) ("a United States District Court has no authority to review final judgments of a state court"). This court is therefore without subject-matter jurisdiction to adjudicate Plaintiff's claims, and accordingly they must be REMANDED to D.C. Superior Court.

### III.     CONCLUSION

Plaintiff has steadfastly contested Defendants' (successful) efforts to evict her for years. Without legal assistance, she is now adrift amidst multiple closely-related lawsuits raising a number of intricate procedural and substantive questions.  Should she choose to continue fighting this fight, she would be well-served to do so with the assistance of counsel.  Regardless, however, she must as an initial matter continue this fight in D.C. Superior Court.[6]  Plaintiff's amended motion for reconsideration will be granted and the order of dismissal vacated.  This case will be remanded and Plaintiff's remaining pending motions will be denied as moot.[7]

A corresponding order accompanies this opinion.

Dated: July 16, 2015

---

[6] For clarity of the record going forward in Superior Court, the court reaffirms its holding that Plaintiff has not demonstrated proper service on either the corporate or individual defendants.  Dismissal on that basis, however, is no longer warranted given Plaintiff's *pro se* status and because of the threshold jurisdictional question.  *Barot v. Embassy of the Republic of Zambia*, 785 F.3d 26, 29 (D.C. Cir. 2015) (where service can be obtained, extension of time for service rather than dismissal is appropriate).  Similarly, the court has not granted leave to file the proposed SAC.  As such there are presently four defendants.

[7] On June 28, 2015 Plaintiff filed three additional motions.  Leave to file those motions is DENIED in accordance with the court's June 4, 2015 minute order, which stated in relevant part: "No filings other than those described above will be permitted from any party without permission of the court."  Plaintiff did not seek or obtain leave to make these filings.  Plaintiff is instructed that this case is closed and future filings must be made in D.C. Superior Court.